**Dokdinh SAYASACK, Petitioner— Appellant,**

**v.**

**Richard MORGAN, Respondent— Appellee.**

No. 01–35274.

D.C. No. CV–00–05117–RJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2001.

Decided Dec. 7, 2001.

Before O'SCANNLAIN, GRABER, and McKEOWN, Circuit Judges.

MEMORANDUM *

Petitioner Dokdinh Sayasack appeals the district court's denial of his § 2254 petition. He argues that the state trial court violated his Sixth Amendment right of confrontation when it admitted hearsay statements, made by Jason Allison and Randy Capps, implicating Petitioner in an aggravated murder. On de novo review, we find no error and affirm.

■ The admission of Allison's hearsay statements was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). Allison testified at Petitioner's trial, where Petitioner had the opportunity to cross-examine him about his out-of-court statements. Accordingly, the admission of those statements did not violate Petitioner's right of confrontation. *United States v. Owens*, 484 U.S. 554, 559–60, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988).

■ Capps did not testify at Petitioner's trial. His out-of-court statements were admitted under the hearsay exception for statements against penal interest. Wash. R. Evid. 804(b)(3). Capps' statements so far tended to subject him to criminal liability that he would not reasonably have uttered them unless he believed them to be true. *Id.* In addition, the state court implicitly determined that Capps was unavailable to testify at Petitioner's trial because of his Fifth Amendment right against self-incrimination. *Id.; California*

*v. Green*, 399 U.S. 149, 167–68 & n. 17, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) (observing that declarants who formally assert the privilege are "unavailable" within the meaning of the hearsay rules). Although Capps did not formally assert his right not to testify, the Supreme Court has never held that a formal invocation of privilege is a prerequisite to a finding of unavailability. *Cf. Lee v. Illinois*, 476 U.S. 530, 549 & n. 3, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986) (Blackmun, J., dissenting) (explaining circumstances under which a formal assertion of privilege is unnecessary). Thus, the state court's implicit finding of unavailability was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.

The court also correctly determined that Capps' hearsay statements were supported by a " 'showing of particularized guarantees of trustworthiness.' " *Lee*, 476 U.S. at 543 (quoting *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)). First, police played no part in eliciting Capps' statements. Instead, Capps made the statements in confidence to two friends, whom he apparently trusted. Second, Capps did not attempt to minimize his role in the crime. Third, Capps made many of the statements inculpating Petitioner before either of them was suspected of the murder. Fourth, Capps made his statements spontaneously, both shortly before and after the murder took place. He had little time to concoct a story or to attempt to blame someone else. Finally, Capps was speaking about an aggravated murder, clearly a matter of no small importance. Thus, his memory should have still been vivid when he made the statements. Under these circumstances, the

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

admission of Capps' statements did not violate the Confrontation Clause.

AFFIRMED.