IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>DOKDINH SAYASACK,<br><br>                    Petitioner. | No. 86181-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, C.J. — Dokdinh Sayasack was 21 years old when he was convicted of aggravated murder in the first degree. He was sentenced to life in prison without the possibility of parole. Sayasack filed this personal restraint petition (PRP) more than one year after his judgment and sentenced finalized, asserting that it is not untimely because In re Personal Restraint of Monschke constitutes a significant, material, and retroactive change in the law that applies to his sentence. Because Monschke concerned 19- and 20-year-old defendants, it does not apply to Sayasack. We therefore deny Sayasack's PRP as untimely.

FACTS

On March 14, 1994, Dokdinh Sayasack drove two of his codefendants to the home of Marietta Dela Cruz. The three had plotted with Filomena Washington, Dela Cruz's daughter, to kill Dela Cruz for insurance money. The two codefendants broke into Dela Cruz's home and fatally shot her. Several days after the shooting, Sayasack voluntarily went to the police station after learning that detectives wanted to speak with him.

Sayasack was later charged with and convicted of aggravated murder in the first degree. He was sentenced to life in prison without the possibility of parole.

Following his conviction and sentence, Sayasack appealed. This court affirmed in an unpublished opinion. State v. Sayasack, noted at 91 Wn. App. 1019 (1998). Sayasack also unsuccessfully sought habeas review in federal court. Sayasack v. Morgan, 27 F. App'x 860 (9th Cir. 2001); Sayasack v. Boe, No. 3:18-cv-5315-RBL-JRC, 2018 WL 3956196 (W.D. Wash. Aug. 17, 2018) (court order).

Since then, Sayasack has filed several pro se PRPs that have been denied. See In re Pers. Restraint of Sayasack, No. 33434-8-II (Wash. Ct. App. 2005) (asserting evidentiary errors, prosecutorial misconduct, that one of the witnesses should have been indicted as a co-defendant, that the trial court erred in trying him and his codefendant jointly, and that the court of appeals erred by stating that Sayasack had admitted to burglarizing the victim's home); In re Pers. Restraint of Sayasack, No. 49585-6-II (Wash. Ct. App. 2016) (alleging actual innocence, ineffective assistance of counsel, and instructional error); In re Pers. Restraint of Sayasack, No. 55150-1-II (Wash. Ct. App. 2020) (alleging ineffective assistance of counsel). Sayasack filed this petition with our Supreme Court, which transferred the petition to this court.

ANALYSIS

Collateral relief from a conviction through a PRP is an extraordinary remedy and petitioners must meet a high standard to obtain relief. In re Pers. Restraint of Kennedy, 200 Wn.2d 1, 12, 513 P.3d 769 (2022). "To gain relief through a PRP, a petitioner must make a heightened showing of 'actual and substantial prejudice' for a constitutional error or 'a complete miscarriage of justice' for a nonconstitutional error." Kennedy, 200 Wn.2d at 12 (internal quotation marks omitted) (quoting In re Pers. Restraint of Light-Roth, 191 Wn.2d 328, 333, 422 P.3d 444 (2018)).

In general, a PRP must be filed within one year of the petitioner's judgment and sentence becoming final. RCW 10.73.090(1). There are a few exceptions to this general rule. For example, this court will typically not consider successive petitions unless "the person certifies that [they have] not filed a previous petition on similar grounds, and shows good cause why [they] did not raise the new grounds in a previous petition." RCW 10.73.140. If the petitioner "previously raised the same grounds for review," we must dismiss the petition. RCW 10.73.140.

A petition is also not time-barred if there has been a significant and retroactive change in the law that is material to the petitioner's sentence. Kennedy, 200 Wn.2d at 12; RCW 10.73.100(7). To show a significant and retroactive change in the law that justifies collateral relief, RCW 10.73.100(7) requires a petitioner to show " '(1) a [significant] change in the law (2) that is

material and (3) that applies retroactively.' " Kennedy, 200 Wn.2d at 21 (alteration in original) (internal quotation marks omitted) (quoting Light-Roth, 191 Wn.2d at 333). We can address these three requirements in any order. Light-Roth, 191 Wn.2d at 333.

Here, Sayasack contends that In re Pers. Restraint of Monschke, 197 Wn.2d 305, 482 P.3d 276 (2021), constitutes a significant and retroactive change in the law that is material to his sentence. Because Monschke applies to 19- and 20-year-old defendants, and Sayasack was 21 years old when he committed the crime in question, we disagree.

The second requirement, materiality, is dispositive here because Monschke is not material to Sayasack's sentence. In Monschke, our Supreme Court concluded that the sentencing statute for aggravated murder in the first degree, RCW 10.95.030, was unconstitutional as applied to 19- and 20-year-old defendants. 197 Wn.2d at 306-07. Our Supreme Court explained that our state constitutional prohibition against "cruel punishment" forbids mandatory life without the possibility of parole sentences for youthful offenders because such sentences deny trial judges the discretion to consider the mitigating qualities of youth and engage in individualized sentencing. Monschke, 197 Wn.2d at 311-12, 327. The court clarified that "the variability in individual attributes of youthfulness are exactly why courts must have discretion to consider those attributes as they apply to each individual youthful offender." Monschke, 197 Wn.2d at 323. The court also emphasized that because "no meaningful

4

neurological bright line exists between age 17 and age 18," sentencing courts must be able to consider the mitigating qualities of youth for defendants younger and older than 18. Monschke, 197 Wn.2d at 326.

Sayasack contends that Monschke did not announce a bright line rule for youthfulness and that 21-year-olds are also youthful offenders who require individualized sentencing. But this court and our Supreme Court have since declined to extend the holding of Monschke to 21-year-old offenders. See, e.g., In re Pers. Restraint of Davis, 200 Wn.2d 75, 83-84, 514 P.3d 653 (2022) (holding that Monschke did not extend to 21-year-old sentenced under different statute); State v. Meza, 22 Wn. App. 2d 514, 545, 512 P.3d 608 (2022) (holding that Monschke did not categorically extend leniency based on mitigating factors of youth to 21-year-old defendant). And more recently, our Supreme Court explained that the lead opinion in Monschke "was careful to note it was not concluding that [life without parole] is categorically barred for young adults." Kennedy, 200 Wn.2d at 23.

Monschke is distinguishable from Sayasack's case. Like the petitioners in Monschke, Sayasack was sentenced under the aggravated murder statute and received a sentence of life without the possibility of parole. However, unlike the petitioners in Monschke, who were 19- and 20-year-olds when they committed aggravated murder, Sayasack was 21 years old when he committed his crime. Although Sayasack turned 21 just days before committing the crime in question, the harsh reality is that no matter where the age limit is set, someone will always

5

be just days away from having it apply to them.  This cannot be the method used to determine an exception.  We decline to extend <u>Monschke</u>'s holding to 21-year-old offenders.  Therefore, because Sayasack is outside the applicable age range governed by <u>Monschke</u>, it is not material to his sentence.

We deny Sayasack's PRP as untimely.

Smith, C.J.

WE CONCUR:

Mann, J.             Dwyer, J.

6